

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2005

# Surace v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Surace v. Nash" (2005). *2005 Decisions*. Paper 565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-347                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-3156
_____

PASQUALE SURACE
                                                        Appellant

v.

WARDEN JOHN NASH;
FBOP; UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02655)
District Judge: Honorable Jermone B. Simandle

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2005

Before:  RENDELL, FISHER AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed September 7, 2005)
_____

OPINION
_____

PER CURIAM

Pasquale Surace, a federal prisoner, appeals <u>pro</u> <u>se</u> the May 31, 2005, order of the

United States District Court for the District of New Jersey dismissing his habeas petition

filed pursuant to 28 U.S.C § 2241.  For the reasons that follow, we will summarily affirm

the judgment of the District Court.

According to his § 2241 petition, Surace pled guilty to possession with intent to distribute in excess of 10 grams of LSD in violation of 21 U.S.C. § 841(a)(1) and failure to appear for sentencing in violation of 18 U.S.C. § 3146(a)(1) in the United States District Court for the Eastern District of Virginia. On October 17, 1997, Surace was sentenced to 132 months' imprisonment. Surace did not file an appeal from the judgment of conviction and sentence.

In 1999, Surace filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the Eastern District of Virginia alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel. Surace's § 2255 motion was denied. In 2005, Surace filed an application with the Court of Appeals for the Fourth Circuit for permission to file a second or successive § 2255 motion, again arguing that his guilty plea was involuntary and that he received ineffective assistance of counsel. The application was denied on March 14, 2005.

Surace, who is incarcerated at FCI-Fort Dix in Fort Dix, New Jersey, then filed the underlying § 2241 petition in the District Court for the District of New Jersey. In his § 2241 petition, Surace alleged that his guilty plea was involuntary and unknowing due to ineffective assistance of counsel. Specifically, Surace alleged that counsel unlawfully induced him to plead guilty with affirmative misrepresentations of promised plea inducements that were never obtainable for an alien client, and failed to inform him of the

2

possibility of deportation as a consequence of his conviction. On May 31, 2005, the District Court dismissed Surace's § 2241 petition, concluding that Surace had not shown that § 2255 is inadequate or ineffective such that he should be allowed to proceed under § 2241. This timely appeal followed.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Cradle, 290 F.3d at 539. Rather, § 2255 is inadequate or ineffective, for example, in the "rare situation" where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." Okereke, 307 F.3d at 120.

Surace's situation is not the rare one rendering § 2255 inadequate or ineffective.

3

Surace's challenge to his conviction implicates no intervening change in law such that the crimes to which he pled guilty are "non-criminal." There is no doubt that Surace's claims fall within the purview of § 2255, and, as the District Court concluded, Surace has not demonstrated that § 2255 is inadequate or ineffective. That Surace may not have realized until 2004 that he would be deported to Italy as a result of his conviction, or that his status as an alien prevented him from obtaining all the possible benefits counsel had advised him of does not alter this result. In short, Surace's attempt to circumvent the gatekeeping provisions of § 2255 is unavailing, and amounts to little more than an end run around the Fourth Circuit Court of Appeals' decision denying his application for authorization to file a second or successive § 2255 motion.

Because this appeal presents no substantial question, we will summarily affirm the District Court's May 31, 2005 order.